THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTIRCT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| INTERSTATE CARRIER XPRESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:04-CV-03003 |
| | ) | |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | |
| | ) | BYRON G. CUDMORE |
| SHORELINE EXPRESS, INC. | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| REGIONS BANK, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TURNWOOD INDUSTRIES, INC. | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**RESPONSE OF PLAINTIFF, INTERSTATE CARRIER XPRESS, INC.,
TO DEFENDANT/THIRD-PARTY PLAINTIFF, SHORELINE EXPRESS, INC.'S
MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION**

1

NOW COMES Plaintiff, Interstate Carrier Xpress, Inc. (ICX), by and through its attorney, Drew T. Erwin, and in response to the Defendant/Third-Party Plaintiff, Shoreline Express, Inc.'s Motion to Transfer Venue to the United States District Court for the Northern District of Ohio, Eastern Division, states as follows.

I.  **LAW AND ARGUMENT.**

In filing an action, the Plaintiff is permitted to choose any proper forum and his choice should not be lightly set aside. *Chicago R. I. & P. R. Co. v. Igoe*, 220 F.2d 299, 302 (7th Cir. 1955). The forum selected by the Plaintiff was chosen in accordance with 49 U.S.C. § 14704 (d)(1) which in pertinent parts provides that:

> Trial in a civil action brought in a district court of the United States under this paragraph is in the judicial district in which the plaintiff resides or in which the principal operating office of the carrier or broker is located.

Shoreline asserts that 28 U.S.C. § 1404 (a) is satisfied in that it facilitates convenience of the parties and witnesses. However, the venue as chosen by ICX is entitled to considerable deference and for this reason, the movant must persuade the Court that the considerations embodied in 28 U.S.C. § 1404 (a) weigh heavily in favor of the transfer. *Bodine's Inc. v. Sunny-O, Inc.*, 494 F.Supp. 1279, 1285 (N.D.Ill 1980).

Shoreline makes numerous references to the pending Ohio Action of Turnwood Industries, Inc. v. Shoreline Transportation, Inc., Case No. 1:03-CV-1791. The argument being that the Ohio Case and the case at bar present the same case and controversy. However, the Ohio Case is a claim by Turnwood against Shoreline based on the Carmack Amendment, 49 U.S.C. § 14706 (d) (1). See Paragraph 2 of the Ohio Case attached hereto and incorporated herewith as Exhibit A. The gist of Turnwood's claim being that Shoreline delivered goods to various

consignees in a damaged condition. To the contrary, the case before this Court simply involves payment of monies due ICX from Shoreline for transportation services rendered by ICX.

An additional factor which should be brought to this Court's attention is the dismililarity between the Defendant/Third-Party-Plaintiff, Shoreline Express, Inc., in the case under consideration and that of the Defendant, Shoreline Transportation, Inc., in the Ohio Case. Referenced in Exhibit A of the Defendant/Third-Party Plaintiff's Motion to Transfer Venue is the corporate status of Shoreline Express, Inc., with the Ohio Secretary of State. However, the Defendant in the Ohio Case, Shoreline Transportation, Inc., is a listed as a separate entity which maintains a different corporate charter number and filing date than that of Shoreline Express, Inc. See Exhibit B attached hereto and incorporated herewith. Although the two parties share a common name, they differ in identity and purpose. ICX contracted for services with Shoreline Express, Inc., as a transportation broker and as such is seeking a remedy based on injury caused by a broker. Turnwood Industries, on the other hand, is seeking compensation under the Carmack Amendment from Shoreline Transportation, Inc., as a carrier in the delivery of damaged goods.

Wherefore, Plaintiff, ICX, respectfully requests this Court deny the Defendant/Third-Party Plaintiff's Motion to Transfer Venue and for such other and further relief as the Court deems proper.

Respectfully submitted,

Drew T. Erwin, Ltd.

_____
Drew T. Erwin
608 Vermont Street
Quincy, Illinois 62301
(217) 223-1300 telephone
(217) 223-6202 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response to the Defendant/Third-Party Plaintiff, Shoreline Express, Inc.'s Motion to Transfer Venue to the United States District Court for the Northern District of Ohio, Eastern Division was served upon the following named parties via Regular U.S. Mail on this 31st day of August, 2004.

Mickey R. Dragash, Esq.
Roetzel & Andress, L.P.A.
1375 East 9th Street, Suite 1000
One Cleveland Center
Cleveland, Ohio 44114

Donald J. Vogel, Esq.
Scopelitis, Garvin, Light & Hanson
30 West Monroe Street
Suite 600
Chicago, Illinois 60603

Regions Bank
c/o Mr. Norm Atkins
888 Concord Road
Smyrna, GA 30081

Matthew L. Alden, Esq.
Gallup Burns & Associates
The Superior Building
Suite 1810
815 Superior Avenue, East
Cleveland, OH 44114

_____
Drew T. Erwin

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| TURNWOOD INDUSTRIES, INC.<br>13015 YORK-DELTA DRIVE<br>NORTH ROYALTON OH 44133,<br><br>Plaintiff,<br><br>v.<br><br>SHORELINE TRANSPORTATION, INC.<br>C/O GEORGE P. HEIDENREICH<br>STATUTORY AGENT<br>4161 RIDGE ROAD<br>CLEVELAND OH 44144,<br><br>Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) JUDGE:<br> ) <br> ) CASE NO.:<br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

### JURY DEMAND ENDORSED HEREON

For its complaint against defendant Shoreline Transportation, Inc. ("Shoreline"), plaintiff Turnwood Industries, Inc. ("Turnwood"), states as follows:

### Jurisdiction & Venue

1. The Court has jurisdiction over this matter pursuant to Oh. Rev. Code §§ 2305.01, .06, .07, the common law of the state of Ohio, and the Carmack Amendment, 49 U.S.C. § 14706(d)(1).

2. Venue is proper in this court because Shoreline's principal place of business is located in Cuyahoga County, Ohio.

### Parties

3. Turnwood is a domestic corporation in good standing with its principal place of business being located in Cuyahoga County, Ohio. Turnwood is a manufacturer of quality stair parts.

1

Exhibit A

4. Upon information and belief, Shoreline is a domestic corporation in good standing. Shoreline is authorized to transport goods as a motor carrier for hire in interstate commerce and is authorized to carry general freight, various forms of metal goods, paper products, and construction goods and products.

5. Shoreline at times has also been engaged in business as a freight broker.

### Background

6. At various times from 2001 until 2002 Turnwood delivered to Shoreline various stair parts ("the goods") for carriage to retail stores operated by Mendards, Inc., a home improvement retailer.

7. Shoreline acknowledged receipt of the goods in apparent good order and contracted to carry the goods to Menards and deliver them safely.

8. At the time and place of delivery of the goods to Shoreline, the goods were sound and in the course of ordinary care could have been transported without damage to the various Mendards' retail stores.

9. Some of the goods shipped were lost or not delivered.

10. Shoreline delivered some of the goods to Mendards in a damaged condition

11. Notice of the damages was given and a claim was made to Shoreline, but Shoreline has failed and refused to pay Turnwood the amount of its losses.

### Count I: Breach of Contract

12. Paragraphs 1-11 are incorporated into this count by reference.

13. Turnwood and Shoreline had an agreement pursuant to which Shoreline would transport Turnwood's goods in exchange for money.

14. Turnwood performed its obligations in full.

2

15. Shoreline breached its obligations by failing to deliver some of the goods and by delivering some of the goods in damaged condition to Turnwood's customer, Menards, Inc.

16. Shoreline breached its obligations by brokering some of the loads.

17. As a direct and proximate result of Shoreline's breach of its contract of delivery with Turnwood, Turnwood has incurred damages in an amount in excess of $25,000.

### Count II: Violation of the Carmack Amendment, 49 U.S.C. § 14706

18. Paragraphs 1-17 are incorporated into this count by reference.

19. The goods were delivered to Shoreline in good condition.

20. Some of the goods were never delivered to Menards, the consignee.

21. Some of the goods were delivered to Menards in a damaged condition.

22. As a direct and proximate result of Shoreline's failure to deliver some of the goods and delivery of some of the goods in a damaged condition, Turnwood has been damaged in an amount in excess of $25,000.

### Count III: Negligence

23. Paragraphs 1-22 are incorporated into this count by reference.

24. Shoreline owed Turnwood a duty to deliver Turnwood's goods to Menards in good condition.

25. Shoreline breached its duty to Turnwood by failing to deliver some of the goods and by delivering some of the goods in a damaged condition.

26. As a direct and proximate result of Shoreline's breach of the duty owed to Turnwood, Turnwood has been damaged in an amount in excess of $25,000.

### Prayer for Relief

Wherefore, Plaintiff Turnwood demands judgment against Shoreline in an amount in excess of $25,000, plus its costs, and all other legal and equitable relief to which it may be entitled.

### Jury Demand

Pursuant to Oh. R. Civ. P. 38, Plaintiff demands a trial by jury.

Respectfully submitted,

*/s/ Matthew L. Alden*

Matthew L. Alden (0065178)
Of Counsel to Gallup, Burns & Associates
Suite 1810, 815 Superior Ave. East
Cleveland, Ohio 44114
216-621-4636, ext. 206
216-621-3366 (facsimile)
alden@galluplaw.com

4

SUMMONS IN A CIVIL ACTION

| CASE NO. CV03507642 | D1 CM | SUMMONS NO. 4044149 |

CLEVELAND, OHIO 44113

Rule 4 (B) Ohio

Rules of Civil Procedure

## SUMMONS

TURNWOOD INDUSTRIES INC.
VS
SHORELINE TRANSPORTATION INC.

PLAINTIFF

DEFENDANT

SHORELINE TRANSPORTATION INC
% GEORGE P. HEIDENREICH -STATUTORY AGENT
4161 RIDGE ROAD
CLEVELAND OH 44144-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Plaintiff's Attorney

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

MATTHEW L ALDEN
THE SUPERIOR BUILDING, SUITE 1810

815 SUPERIOR AVE. EAST
CLEVELAND, OH 44114-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DANIEL GAUL
Do not contact Judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas



DATE
Aug 11, 2003

By _____
Deputy

COMPLAINT FILED 08/08/2003

SHORELINE TRANSPORTATION INC
4161 RIDGE ROAD
4161 RIDGE ROAD
CLEVELAND OH 44144-0000

# Business Services Queries
*Office of J. Kenneth Blackwell*

BUSINESS INFORMATION

HOME   HELP

---

## Business Information

| Business Name | Charter / Registration Number | Type | Original Filing Date | Status | Expiration Date | Location / County / State | Agent / Contact Info | Business Filing Info | Prior Business Name Info |
|---|---|---|---|---|---|---|---|---|---|
| SHORELINE TRANSPORTATION INC. | 930597 | Corporation For Profit | Jan 23 1996 | Active | | Cleveland Cuyahoga Ohio | Click for Details | Click for Details | Click for Details |

Total Row Count in Report- 1
Row(s) 1 - 1

---

Back to Menu

Exhibit B