IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| Interstate Carriers Express, Inc., ) | |
| ) | |
| Plaintiff, ) | Case No.: 3:04-CV-03003 |
| ) | |
| v. ) | |
| ) | Magistrate Judge: Cudmore |
| Shoreline Express, Inc., ) | |
| ) | |
| Defendant/Third – party ) | |
| plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Turnwood Industries, Inc. ) | |
| ) | |
| Third-party defendant. ) | |
| ) | |

RESPONSE TO MOTION OF DEFENDANT/THIRD-PARTY PLAINTIFF
SHORELINE EXPRESS'S MOTION TO CHANGE VENUE

Before the court is the motion of defendant/third-party plaintiff Shoreline Express, Inc. (Shoreline) for change of venue to transfer this case to the Northern District of Ohio in Cleveland, Ohio. Based on the facts, 28 U.S.C. § 1404(a) and § 1404(b) require transfer of this action to Cleveland, Ohio.

1.   The core of this controversy is based in Cleveland, Ohio

Shoreline filed its motion pursuant to 28 U.S.C. § 1404(a), which generally provides that a motion for a change of venue may be granted for the convenience of the parties and witnesses and in the interests of justice. An analysis of whether to transfer venue pursuant to § 1404(a) boils down to determining "where is the center of gravity of the litigation." Mitsui Marine &

<u>Fire v. Nakai Travel Inter.</u>, 245 F.Supp.2d 523, 525 (S.D.N.Y. 2003). The center of gravity for this case is in Cleveland.

This litigation has evolved from two other cases arising in Cleveland, Ohio after TWI hired Shoreline to transport goods to various Menards retail stores in Illinois and other states in the Midwest and Shoreline subcontracted some of that work to ICX. (Ex. A to ICX Br. in Opp. to Mot. to Trans; 3rd Party Compl. ¶¶8,9; Ans. to 3rd Party Compl. ¶¶ 8,9.) The goods passed through ICX's Ohio terminal in Huron, Ohio. (Ex. A: Mazzeo Depo. at 12.)

However, Turnwood never agreed to have its loads brokered. (Ex. A to ICX Br. in Opp. to Mot. to Trans.) In the process of carriage, some of TWI's goods were damaged. (Ex. A to ICX Br. in Opp. to Mot. to Trans.).

TWI notified Shoreline in writing of the basis of its claims (Ex. B: Letter from Svilar to Sparks (undated).) Shoreline helped TWI file cargo damage claims with ICX which ICX denied. (Ex. A: Depo. Ex. 7 – 5/16/02 letter from Brown to Mazzeo denying claims.)

Unable to get satisfaction on its claims from either Shoreline or ICX, TWI withheld money from the amount that was to be paid to Shoreline for its transportation services. In response, both Shoreline entities filed suit against TWI in Cleveland, Ohio on September 10, 2002 alleging that TWI owed Shoreline $87, 427.00 for the Menard's shipments. (Group Ex. C: Compl. filed in 1:02 CV 1775.) The complaint states clearly that *both* Shoreline Transportation, Inc. and Shoreline Express, Inc. entered into a contract with Turnwood. (Group Ex. C. Compl. ¶ 18 at p. 5.)

Exhibit A to the 1:02 CV 1775 complaint is a spreadsheet listing "Shoreline" invoices (with no distinction between the Express or Transportation arms) showing that some of the product was delivered by ICX "with exception", meaning that there was something wrong with

2

the shipment being either damaged or short. That spreadsheet is attached as part of Group Exhibit C to this brief.

Shoreline, through its attorney Mickey Dragash, dismissed 1:02 CV 1775 on October 16, 2002 (copy of dismissal attached at Group Ex. C) after TWI paid Shoreline $87, 377 by check 2911. (See Group Ex. B at 3; Ex. D – undated letter from Svilar to Dragash regarding payment; Ex. E – showing that Shoreline applied TWI check 2911 to numerous invoices and showing that the amount paid by TWI equals the amount billed.)

Still unable to get satisfaction on its claims, TWI sued Shoreline in State Court in Cleveland, Ohio. (Ex. A to ICX Br. in Opp. to Mot. to Trans.). Shoreline removed that action to the United States District Court for the Eastern Division on August 26, 2003.

To summarize, then, the facts show that this action should be transferred to Cleveland. The agreement between TWI and Shoreline arose in Ohio, there was a prior lawsuit between Shoreline and TWI in federal court in Cleveland, Ohio, there is the current pending lawsuit in that same court which predates this litigation, both Shoreline and ICX handled TWI's goods in Ohio, and, finally, TWI and Shoreline are located in Ohio. On these facts, it cannot be seriously disputed that the "center of gravity" of this case lies in Cleveland and the case should be transferred and consolidated with the pending Cleveland action.

2.    ICX already stipulated to the change in venue.

The facts satisfy the standard under § 1404(a) for a change in venue. Along with those facts, however, is ICX's stipulation to the through counsel on June 15, 2004. See Minute Entry of 6/15/04. Section 1404(b) states that venue may be transferred upon motion, consent or stipulation of the parties. 28 U.S.C. § 1404(b); National Acceptance Co. of Amer. v. Wechsler, 489 F.Supp. 642, 649 (N.D. Ill. 1980). At the time of the conference call both counsel for ICX

and TWI indicated, without reservation, that they had no objection to the motion to change venue. ICX should be held to this stipulation absent any showing in its response why it should be relieved from it. <u>Cleveland Hair Clinic, Inc. v. Puig</u>, 200 F.3d 1063, 1068 (2003); <u>River v. Commercial Life Ins. Co.</u>, 160 F.3d 1164, 1173 (7th Cir. 1998).

3. <u>Conclusion.</u>

The court has two solid grounds for granting Shoreline's motion. First, the facts demonstrate that this is really an Ohio dispute with, on balance, an extremely tenuous connection to Illinois. Second, ICX has already voiced no objection to the motion. Either basis, taken alone or together, weigh in favor of transfer.

Respectfully submitted,

*/s/*   *Matthew L. Alden*
_____
Matthew L. Alden (Oh. Bar 0065178)
Gallup, Burns, & Assoc.
Suite 1810, 815 Superior Ave. East
Cleveland, Ohio 44114
T:  216-621-4636, ext. 206
F:  216-621-3366
alden@galluplaw.com
Attorney for 3rd Party Defendant Turnwood
 Industries, Inc.

Certificate of Service and ECF filing

I hereby certify that on 9-17-04 , I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Drew T. Erwin, Esq.
Drew T. Erwin, Ltd.
317 North Sixth Street
Quincy, Illinois  62301

| | |
|---|---|
| Donald J. Vogel<br>Scopelitis, Garvin, Light & Hanson<br>30 W. Monroe Street, Suite 600<br>Chicago, IL  60603<br><br>Doug S. Musick<br>Roetzel & Andress, L.P.A.<br>1375 E. 9th Street, Suite 1000<br>Cleveland, Ohio  44114 | /s/  *Matthew L. Alden*<br>_____<br>Matthew L. Alden<br>Ohio Bar #0065178<br>Gallup, Burns & Assoc.<br>Suite 1810, 815 Superior Ave. East<br>Cleveland, Ohio  44114<br>T:  216-621-4636, ext. 206<br>F:  216-621-3366<br>alden@galluplaw.com<br>Attorney for Turnwood Industries, Inc. |