# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| INTERSTATE CARRIER XPRESS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | 04-CV-3003 |
| SHORELINE EXPRESS, INC., | ) | |
| Defendant/Third Party Plaintiff, | ) | |
| REGIONS BANK, | ) | |
| Defendant, | ) | |
| and | ) | |
| TURNWOOD INDUSTRIES, INC., | ) | |
| Third Party Defendant. | ) | |

## ORDER

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Defendant and Third Party Plaintiff Shoreline Express, Inc.'s Motion to Transfer Venue to the United States District Court for the Northern District of Ohio, Eastern Division [d/e 25], Plaintiff and Third Party Defendant Interstate Carrier Xpress, Inc.'s Response [d/e 28], Third Party Defendant Turnwood Industries, Inc.'s Response

[d/e 30], and Defendant and Third Party Plaintiff Shoreline Express,

Inc.'s Reply [d/e33].[1]

    A brief history of this case will suffice for the purposes of this Order. Defendant and Third Party Plaintiff Shoreline Express, Inc., ("Shoreline") is an Ohio corporation that arranges for the transportation of commodities in interstate commerce. Third Party Defendant Turnwood Industries, Inc., ("Turnwood") is an Ohio corporation that manufactures stair parts. Finally, Plaintiff Interstate Carrier Xpress, Inc., ("ICX") is an Illinois corporation that operates an interstate motor carrier business.

    Turnwood contracted with Shoreline to provide transportation for its products, who in turn contracted with ICX to handle the transportation of some of Turnwood's shipments. Shoreline's relationship with Turnwood came to an end sometime in May, 2002, due to a dispute over the alleged loss/damage to Turnwood's shipments allegedly caused by ICX. ICX and Shoreline denied any liability for Turnwood's loss/damage claims, leading Turnwood to offset

---

[1] **Local Rule 7.1 does not provide for replies.**

the cargo loss and/or damage claims against the amounts it owed Shoreline. Shoreline subsequently withheld payment to ICX pending resolution of the dispute.

Shoreline seeks to transfer venue in this case from this Court to the Northern District of Ohio, Eastern Division pursuant to 28 U.S.C. § 1404(a). Turnwood has joined in this motion to transfer venue, leaving only ICX to oppose it. It is Shorewood's burden to show that the Northern District of Ohio, Eastern Division is "clearly more convenient." Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). "A transfer is appropriate under § 1404(a) if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; (3) transfer is in the interests of justice." Truserv Corp. v. Neff, 6 F.Supp.2d 790, 793 (N.D.Ill. 1998). It is in the Court's discretion to assign the appropriate weight to each factor. Id.

Venue is proper in a federal question case "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). In this case, both Shoreline and Turnwood are Ohio corporations. The broker agreement between

Turnwood and Shoreline was executed in Ohio, and all the bills of lading in this case were issued by ICX and executed by Turnwood in Ohio. While ICX is an Illinois corporation, it maintains a motor carrier terminal in Ohio so litigation would not be overly inconvenient in Ohio. Finally, Shoreline points out that all the relevant witnesses for this case and all the documents pertaining to the parties' claims are located in Ohio. In sum, it appears that venue would be proper in Ohio and that Ohio is the more convenient location for the litigation of this case. ICX does not contest either of these two points in its response. Therefore, these two factors weigh in favor of transferring venue.

In evaluating whether transferring venue furthers the interest of justice, the Court may consider factors such as the plaintiff's choice of forum, the location of the witnesses and documentary evidence, the relative abilities of the parties to bear the expense of trial in a foreign jurisdiction, and where the material events occurred. Truserv, 6 F.Supp.2d at 793; Midwhey, 883 F.2d at 1293. As stated *supra*, all of these factors weight heavily in transferring this matter save plaintiff's choice of forum. A plaintiff's choice of forum is entitled to some deference unless the chosen forum lacks any significant connection

with the claim. Heller Fin., Inc. v. Riverdale Auto Parts, Inc., 713 F.Supp. 1125, 1129 (N.D.Ill.1989). As stated *supra*, ICX does not contest that the relevant contracts in this case were signed and executed in Ohio. When "the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value." Dunn v. Soo Line R.R. Co., 864 F.Supp. 64, 65 (N.D.Ill.1994). The sum of these factors, therefore, weighs in favor of transferring this case.

In addition, Shoreline avers that transferring this suit will aid judicial efficiency. There is currently pending in the Northern District of Ohio, Eastern Division, Case No. 1:03-CV-01791, that Shoreline maintains is essentially the same case and controversy as the one currently before the Court. By transferring the case, Shoreline argues that the Court can avoid the possibility of conflicting judgments and conserve judicial resources by eliminating redundant litigation. Given this line of argument, Shoreline must believe that there may be grounds for the eventual consolidation of the two cases. ICX has attached as Exhibit A to its response a complaint, Turnwood Industries, Inc. v. Shoreline Transportation, Inc., CV03507642, that it claims distinguishes the instant case from the Ohio case to undermine Shoreline's judicial economy argument. However, this appears to be an action filed in an

Ohio state court that is different from the Northern District of Ohio, Eastern Division, Case No. 1:03-CV-01791 referenced to by Shoreline in its original motion.

Finally, the Court notes that ICX's counsel stated there would be no objection to a change in venue at a telephonic conference held on June 15, 2004 between the parties before the Court.  Section 1404(b) provides that venue may be transferred upon motion, consent or stipulation by the parties.  28 U.S.C. § 1404(b).  In this regard, stipulations entered into voluntarily are binding.  United States v. Sandles, 80 F.3d 1145, 1148 (7th Cir.1996).  ICX's earlier statement concerning transferring venue therefore provides an alternate ground for transferring this case.

WHEREFORE, Defendant and Third Party Plaintiff Shoreline Express, Inc.'s Motion to Transfer Venue to the United States District Court for the Northern District of Ohio, Eastern Division [d/e 25] is GRANTED.  The Clerk is directed to take all steps appropriate to effectuate the transfer instanter.

ENTER:  October 12, 2004

                                s/  Byron G. Cudmore
                            _____
                              BYRON G. CUDMORE
                  UNITED STATES MAGISTRATE JUDGE